(48 App. Div. 611.)

PEOPLE ex rel. ALLEN v. YORK et al., Board of Police Comr's.

(Supreme Court, Appellate Division, Second Department. March 13, 1900.)

MUNICIPAL CORPORATIONS—POLICE BOARD OF GREATER NEW YORK—POWER TO FIX RANK OF POLICE OFFICER—MANDAMUS.

     The police board of Greater New York cannot be compelled by mandamus to restore a patrolman to the rank of sergeant, which he held in a village before it was incorporated into said city, and to which the board has refused to restore him, under the power vested in it under Greater New York Charter, § 281, giving it the right "to fix and assign the rank, title, duties, powers and place of service" of such transferred members of the police force.

Appeal from special term, Queens county.

Action by the people, on relation of William H. Allen, against Bernard J. York and others, as board of police commissioners of the city of New York, for mandamus to compel defendants to restore him to the rank of sergeant of police in said city. From a judgment denying his application, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and HIRSCHBERG, JJ.

Joseph Fitch, for appellant.
William J. Carr, for respondents.

WILLARD BARTLETT, J. On December 21, 1897, the relator was appointed a patrolman on the police force of the village of Flushing. One week later he was promoted to the rank of police sergeant. On January 1, 1898, the village of Flushing became a part of the city of New York, and, by the operation of section 280 of the Greater New York charter, the relator was transferred to the police force of the city. Laws 1897, c. 378. The relator's membership in the police force of the consolidated city, however, was not at first recognized by the board of police commissioners, and he applied to the supreme court in March, 1898, for a peremptory writ of mandamus, commanding the board to assign him to police service, and permit him to perform his duties as a police sergeant. This application resulted in an order directing that a peremptory writ of mandamus issue, commanding the board of police to restore the relator "to

the position of patrolman of said city, to permit him to perform his duties as such patrolman, to assign him to duty, and to certify and pay him his salary and compensation from and including the 1st day of January, 1898, at the rate of $800 per year." Under this order the relator appears to have acted as a patrolman upon the police force of the city up to the present time. He applied to the board of police to be restored to the grade of sergeant, and his application was denied on July 25, 1899. The present proceeding was instituted to enforce his claim to be restored to that rank.

It seems to us quite clear that he is not entitled to the relief which he seeks. As was pointed out by this court in the case of People v. York, 44 App. Div. 539, 60 N. Y. Supp. 889, the transfer of village policemen to the police force of the new city, which was effected by section 276 of the Greater New York charter, did not carry with it the right on the part of a transferred officer to retain the same rank which he held as a member of the village force. It is true that section 281 declared that, until the board of police provided otherwise, the rank of a transferred member should be the same as it was in the police force to which he had previously belonged. The same section, however, expressly empowered the board of police "to fix and assign the rank, title, duties, powers and place of service of said transferred members." In the case of the relator, it may be that in the first mandamus proceeding he was entitled to greater relief than was then granted to him, and that the writ which was then allowed should have commanded his reinstatement as a sergeant instead of merely as a patrolman. He seems to have been quite well satisfied with this measure of redress, however, for many months, until he asked the board to restore him to the rank of sergeant, and the board refused to do so in July, 1899. We think that the action of the board at this time may be regarded, and should be regarded, under the circumstances of this case, as a valid exercise of the power conferred upon the commissioners by the clause which we have quoted from section 281 of the charter, to fix and assign the rank and duties of members of the police force transferred from other municipalities. The board has done simply what it ought to have done, and the relator has no just cause to complain. Indeed, he should rather be regarded as peculiarly fortunate in having become a member of the permanent police establishment of a great city upon the strength of 10 days' service as a village policeman.

The order of the special term should be affirmed, with $10 costs and disbursements. All concur, except WOODWARD, J., absent.